Vesta I. WILLIAMS, Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.

No. 91–1891.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1991.
Decided March 27, 1992.

Timothy C. Harlan, Columbia, Mo. (Karen Kraus Bill, on brief), for appellant.

Claire Schenk, St. Louis, Mo., argued (Stephen B. Higgins, Joseph B. Moore, of counsel), Frank V. Smith, III, and Mary Dey Purcell, Kansas City, Mo., on brief for appellee.

Before LAY,[*] Chief Judge, WOLLMAN and HANSEN, Circuit Judges.

WOLLMAN, Circuit Judge.

Vesta I. Williams appeals from the district court's [1] order denying her motion for summary judgment and granting the motion of the Secretary of Health and Human Services for summary judgment. We affirm.

I.

Williams was sixty years of age at the time of the benefits hearing and had sold Avon products through December of 1985. She has a history of a nervous condition, for which she has taken Ativan since 1963. She was diagnosed in 1980 with esophagitis and in 1987 with gastric ulcers and duodenitis. These conditions have responded to medication and have not recurred. In December of 1987, Williams underwent a hysterectomy for *in situ* carcinoma of the endometrium.[2] Williams takes progesterone, which she claims is to prevent the recurrence of the cancer, but which is a medication commonly prescribed to postmenopausal [3] women to prevent adverse symptoms of menopause.

Williams applied for disability benefits in 1988, alleging that she was disabled from chronic and acute anxiety, gastric ulcers, cancer of the uterus, and side effects from her "cancer medication." Her initial appli-

---

[*] The Honorable Donald P. Lay was Chief Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 7, 1992, before the opinion was filed.

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

2. This is a localized cancer of the mucous membrane in the inner layer of the wall of the uterus.

3. This includes both women who experience menopause due to natural aging of the reproductive system and women who experience menopause after surgical removal of the ovaries.

cation was denied because she was not insured as of the date she claimed the disability began. She amended her income tax returns and was then determined to have additional quarters of eligibility for disability benefits. Upon reconsideration of her application, Williams was determined not to have a condition severe enough to be disabling.

Williams then requested a hearing before an administrative law judge (ALJ). The ALJ found that Williams' impairment "resulted in only slight abnormality which ha[d] minimal effect on her physical or mental ability to perform basic work-related activities." In making this finding, the ALJ took into account Williams' work record, her daily activities, and her functional restrictions, as well as her complaints of pain, including precipitating and aggravating factors and the dosage, effectiveness, and side effects of pain medication. The ALJ concluded that because Williams' cancer was cured and because Williams remained active and able to care for herself and her home, had not sought treatment for any mental condition, and took no prescription medication for pain, her complaints of incapacitating fatigue and nervousness were not supported by the evidence.

Williams' request for a review of the ALJ's decision was denied by the Appeals Council. Thus, the ALJ's decision is the final decision of the Secretary. Williams then appealed to the district court, which referred the matter to a magistrate judge.[4] The magistrate judge recommended that the ALJ's decision be upheld. The district court adopted the magistrate's recommendation, denying Williams' motion for summary judgment and granting the Secretary's motion for summary judgment. Williams now appeals to this court, claiming that the decision of the ALJ is not supported by substantial evidence.

## II.

The Social Security Act provides for payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1)(D). A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." *Id.*, § 423(d)(1)(A). The disability must last for a continuous period of at least twelve months or be expected to result in death. *Id.* An individual is under a disability only if the impairments "are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work." *Id.*, § 423(d)(2)(A).

The Secretary has established a five-step process for determining whether a person is disabled. *See* 20 C.F.R. § 404.1520. First, the Secretary determines whether an applicant for disability benefits is engaged in "substantial gainful activity." *Id.*, § 404.1520(b). If the answer is yes, the person is not disabled and benefits are denied; if no, the Secretary moves on to step two in the determination. It was at this step in the process that Williams was denied benefits.

At this step, the claimant bears the initial burden of proof to demonstrate that she is unable to perform her past relevant work, part of which is demonstrating a "severe" impairment. *See Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir.1986); *McCoy v. Schweiker*, 683 F.2d 1138, 1146–47 (8th Cir. 1982). To show a severe impairment, she must show that she has "any impairment or combination of impairments which significantly limits [the applicant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If not, the applicant does not have a severe impairment and benefits are denied. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." *Id.*, § 404.1521(b). Examples include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering

---

**4.** The Honorable Robert D. Kingsland, United States Magistrate Judge for the Eastern District of Missouri.

simple instructions; use of judgment; responding appropriately to supervision, co workers and usual work situations; and dealing with changes in a routine work setting. *Id.*

Step two of this process has been upheld as a valid exercise of the Secretary's power. *Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account.").

█ We will uphold the Secretary's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Whitehouse v. Sullivan,* 949 F.2d 1005 (8th Cir.1991). "Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion," *Whitehouse,* 949 F.2d at 1007 (citing *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)), and "[w]e may not reverse 'merely because substantial evidence would have supported an opposite decision.'" *Id.* (quoting *Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir.1984)).

### III.

█ The ALJ determined that Williams' impairments did not significantly limit her physical or mental ability to do basic work activities. He applied the examples given in section 404.1521(b) and found that Williams could drive, read, watch television, visit and entertain friends, attend church, shop, do laundry and care for the house with her husband's help, and cook meals. He found that Williams' anxiety was situational and had not required counseling, psychiatric treatment or hospitalization, and that Williams had taken Ativan

so long that it "probably has minimal effect." He further found that her alleged weakness and trembling had similarly required no treatment, that Williams took progesterone to prevent menopausal symptoms, and that Williams claimed disability because her husband had retired and she was no longer motivated to work.

We find substantial evidence in the record to support the ALJ's decision. There is no record of treatment for anxiety save a twenty-eight year history of taking Ativan, a mild anti-anxiety agent. Williams takes no prescription pain medications, and the medication which she claims to take to prevent recurrence of the cancer is commonly prescribed to prevent menopausal symptoms in those women who have had their ovaries removed during a hysterectomy. Williams' gastric symptoms are controlled by medication. She was told by all of her doctors that she need not return on any regular basis, but that she should return as needed.

Accordingly, the judgment of the district court is affirmed.