Mary SIEMERS, Plaintiff–Appellant,

v.

Donna E. SHALALA, Secretary of
Health and Human Services,
Defendant–Appellee.

No. 94–1373.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1994.

Decided Feb. 10, 1995.

Carl E. Elofson, Fargo, ND, argued, for
appellant.

Deana R. Ertl–Lombardi, HHS, Denver,
CO, argued, for appellee.

Before WOLLMAN, Circuit Judge,
HEANEY, Senior Circuit Judge, and
HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

Mary Siemers appeals from a final judg-
ment of the district court[1] affirming the

---

1. The Honorable Paul Benson, Senior United
States District Judge for the District of North
Dakota.

decision of the Secretary of Health and Human Services denying her application for disability insurance benefits (DIB) and supplemental security income (SSI). For reversal, Siemers argues that the Administrative Law Judge (ALJ) improperly disregarded her subjective complaints of pain in concluding that she did not suffer from a severe impairment or combination of impairments. For the reasons outlined below, we affirm the judgment of the district court.

## I.

Siemers filed her present application for DIB on March 29, 1991, alleging a disability onset date of December 1, 1986.[2] Siemers alleged disability due to shortness of breath, difficulty in learning or remembering things, severe back problems, varicose veins, depression, memory loss, an irregular heartbeat, and pain in her tailbone. Siemers' application was denied and set for an administrative hearing. Siemers subsequently filed an application for SSI benefits on January 13, 1992, alleging impairments to her back and legs, along with depression. That claim was consolidated with Siemers' DIB claim for the administrative hearing.

At the time of the administrative hearing, Siemers was fifty-six years of age, had acquired a GED, and had past work experience as a cashier, apartment manager, and as a greeter at Sam's Club. Siemers described the various impairments from which she has suffered over the years that have detracted from her ability to work, among them: blood clots in her lungs, depression, back pain, tailbone pain, and headaches from poor arterial circulation. She testified that depression was her worst impairment. Siemers stated that her daily activities consisted of watching television, doing crossword puzzles, assembling jigsaw puzzles, light dusting, cooking, shopping, and socializing with both her daughters and friends. She explained that the reason she alleged various onset dates in her applications for DIB was because she has

difficulty remembering dates. She testified that she rarely sought medical treatment for her physical and mental impairments because she could not afford to do so.

Seimers' daughter also testified on Siemers' behalf. She stated that she socializes with Siemers several times a week and calls her daily. She also testified that Siemers' memory is lacking, her weight fluctuates, she is prone to periods in which she cries uncontrollably, and she has sleeping problems.

The medical evidence in connection with Siemers' present applications shows that she has been diagnosed at various times with mild scoliosis of the thoracolumbar spine, pulmonary emboli, depressive episode, strained back, musculoligamentous strain syndrome, sacriolic joint discomfort, somatization disorder, obesity and leg length discrepancy, plantar fascitis, mild instability with arthritis L5–S1, chronic coccydynia, and major recurrent depression. Siemers has received a variety of medications for these impairments.

The ALJ addressed Siemers' claims pursuant to the familiar five-step analysis prescribed by Social Security Administration regulations. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert,* 482 U.S. 137, 140–42, 107 S.Ct. 2287, 2290–92, 96 L.Ed.2d 119 (1987). At step one, the ALJ determined that Siemers had not been involved in substantial gainful activity since June 30, 1987. At step two, the ALJ concluded that although Siemers suffered from impairments consisting of low back and tailbone pain along with depression, these impairments are not severe and do not significantly limit her ability to perform work-related activities. In reaching this conclusion, the ALJ rejected Siemers' allegations concerning the degree and severity of her pain and depression because her testimony was inconsistent with the medical evidence contained in the record and her daily activities. Therefore, the ALJ terminated the sequential analysis at this step and denied Siemers benefits.

**2.** This is Siemers' third application for benefits. Siemers filed her first application for DIB (along with SSI) on June 25, 1987, alleging a disability onset date of May 15, 1987. That application was denied initially, and Siemers did not appeal

that decision. She filed a second application for DIB on July 21, 1989, alleging a disability onset date of January 23, 1987, which was also denied and not appealed.

The appeals council considered additional evidence submitted by Siemers and her daughter and denied Siemers' request for further review. Siemers then sought judicial review of the Secretary's decision in the district court. The district court granted the Secretary's motion for summary judgment, concluding that substantial evidence exists in the record to support the Secretary's decision. Siemers appeals.

## II.

■ This court's "task is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record as a whole." *McClees v. Shalala,* 2 F.3d 301, 302 (8th Cir.1993). We consider evidence that supports the Secretary's decision along with evidence that detracts from it. *Barrett v. Shalala,* 38 F.3d 1019, 1022 (8th Cir.1994). If, after undertaking this review, we determine that "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings, we must affirm the decision" of the Secretary. *Robinson v. Sullivan,* 956 F.2d 836, 838 (8th Cir.1992).

■ Siemers contends that the ALJ improperly discredited her complaints of disabling pain in assessing whether she suffered from a severe impairment or combination of impairments. An ALJ must consider a claimant's subjective complaints of pain in conformity with the standard adopted by this court in *Polaski v. Heckler,* 739 F.2d 1320, 1321–22 (8th Cir.1984) (subsequent history omitted). Pursuant to *Polaski,* an ALJ may not discount a claimant's subjective complaints of pain *solely* because no objective medical evidence exists to support its existence. *Id.* at 1322; *see also* 20 C.F.R. § 404.1529(c)(2). Rather, the ALJ is allowed to consider this evidence along with the claimant's work history and observations by third parties and treating physicians relating to: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) any aggravating factors; (4) the dosage, effectiveness, and side effects of any medication; and (5) functional restrictions. *Polaski,* 739 F.2d at 1322. The ALJ "must give full consideration to all of the evidence presented relating to subjective complaints" and is not free to discredit those complaints unless they are inconsistent with the evidence contained in the record as a whole. *Id.* An ALJ who determines that a claimant's testimony regarding pain is not credible must make specific findings outlining the reasons supporting that conclusion. *Ghant v. Bowen,* 930 F.2d 633, 637 (8th Cir.1991).

■ In the present case, the ALJ specifically delineated the *Polaski* factors and determined that, given the inconsistencies in Siemers' testimony, her daily activities, and the medical evidence of record, her testimony concerning pain was not credible. The ALJ specifically set forth the following inconsistencies: Siemers complains of intense back pain but the clinical findings have been minimal; on one occasion she dated the onset of her low back pain at 20–30 years ago, while on another occasion she placed its onset at 2–3 years ago; she repeatedly alleged problems with her tailbone but there is only one entry in the medical records regarding tailbone pain; she did not seek regular medical treatment for her low back pain or depression, allegedly due to cost, although she was able to afford medical treatment for gynecological problems, a sore throat, headaches, a persistent cold, and foot problems, as well as prescriptions for diet pills; she did not follow through with prescribed medication for depression, although the medication was effective in alleviating her condition; she allegedly suffered from depression for many years but she did not seek psychiatric attention until February of 1992, and then failed to return for a followup visit; she consistently took less than the prescribed dosage of medication for her back pain; she alleged concentration and memory problems, yet she did not present these problems in a consultive psychological exam in 1989 and the psychologist found no memory or concentration difficulties; and the ALJ noted that her daily activities were inconsistent with her allegations of disabling pain. The ALJ also found that Siemers did not have an impressive work record. (R. at 23–26)

After a careful review of the record, we conclude that the ALJ satisfied her obligation under *Polaski* to make specific find-

ings explaining her decision to discredit Siemers' allegations of pain. The ALJ applied legitimate factors in rejecting Siemers' subjective complaints, including: the lack of clinical findings to support Siemers' claims of disabling back pain, *see Matthews v. Bowen,* 879 F.2d 422, 425 (8th Cir.1989), her failure to seek regular medical treatment for her back pain and depression, *see Benskin v. Bowen,* 830 F.2d 878, 884 (8th Cir.1987), her failure to properly take her prescribed medication to control her depression, *see Johnson v. Bowen,* 866 F.2d 274, 275 (8th Cir.1989), "daily activities that are inconsistent with complaints of disabling pain," *Haynes v. Shalala,* 26 F.3d 812, 814–15 (8th Cir.1994), and her unimpressive work history. *Polaski,* 739 F.2d at 1322. Therefore, we find substantial evidence in the record to support the ALJ's decision to discredit Siemers' subjective complaints of disabling pain.

The ALJ discounted the testimony of Siemers' daughter because "it is clear[ly] based on [Siemers'] presentation of her pain and symptoms to [her]." (R. at 26.) Siemers' daughter submitted a letter to the appeals council stating that her testimony was based upon her observations and experiences with Siemers, *"not* by how [her] mother has presented" the symptoms to her. (R. at 346.) The appeals council considered this additional evidence before rejecting it. Assessing the credibility of the witnesses lies within the province of the Secretary. *See Basinger v. Heckler,* 725 F.2d 1166, 1170 (8th Cir.1984) (ALJ is free to disbelieve the testimony of the claimant and his witnesses). The Secretary committed no error in disregarding this evidence.

The dismissal of an application for benefits at step two is justified only for "those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Yuckert,* 482 U.S. at 153, 107 S.Ct. at 2297. In terminating the sequential process at this step, the ALJ stated that Siemers' "impairments, neither singly nor in combination, would have had more than a slight impact on [her] ability to function vocationally." (R. at 23.). Given our limited scope of review, we

conclude that substantial evidence on the whole record supports the Secretary's conclusion that Siemers does not suffer from a severe impairment, and therefore, the ALJ was justified in terminating the sequential analysis at step two.

### III.

After carefully reviewing the record, we conclude that the Secretary's decision to deny Siemers benefits is supported by substantial evidence in the record as a whole. Accordingly, we affirm the district court's grant of summary judgment in favor of the Secretary.