John Wayne STEPHENS, Appellant,

v.

Donna E. SHALALA, Secretary, Department of Health and Human Services, Appellee.

No. 94–2889.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1995.

Decided March 15, 1995.

Don Chaney & Edward Slaughter, Arkadelphia, AR, for appellant.

Martin Long, HHS, Dallas, TX, for appellee.

Before BOWMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

John Wayne Stephens appeals from the district court's[1] order affirming the decision of the Secretary of Health and Human Services to deny Stephens disability benefits. We affirm.

## I.

Stephens filed his current application for disability benefits on February 22, 1991. Stephens was 52 years old at the time he filed this application alleging that he became disabled as a result of a tree falling across the left side of his body on February 20, 1990. Stephens worked as a logging contractor and log cutter from 1957 until the time of his accident, and has not engaged in substantial gainful employment activity since the accident. The Social Security administration denied Stephens' application initially and on reconsideration, and Stephens sought a hearing before an administrative law judge ("ALJ").

The ALJ determined that Stephens has an impairment that limits his ability to work. The ALJ denied Stephens' claim, however, because he found that Stephens' impairment is not equal to a listed impairment and that Stephens' residual functional capacity allows him to perform his past relevant work as a log cutter. Stephens requested review and presented the Appeals Council with a report submitted by Dr. Douglas A. Stevens that provides additional evidence of Stephens' physical and mental incapacitation. The Appeals Council denied the request and adopted the ALJ's determination. Stephens further sought to re-open the proceedings with a letter submitted by Dr. Charles Vermont

---

1. The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas, adopting the Report and Recommendation of the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas.

that indicates that Stephens faces debilitating physical limitations. The Appeals Council also refused this request. When Stephens sought judicial review of the decision, the district court granted the Secretary's motion for summary judgment.

Stephens suffered thoracic compression fractures of T5 through T8 as a result of his accident. He also injured his cervical spine, shoulder, and knee. Stephens began physical therapy in April 1990, but that was discontinued in August 1990 because it did not appear to be helping his recovery. At this point Stephens' treating physician believed that it would be an extended time before Stephens could return to work. By October 1990, however, Stephens' thoracic vertebrae had healed. Several neurological evaluations were given in the following months, but no organic reason could be isolated as the cause of Stephens' continuing complaints of pain. At another examination in January 1991, the treating physician believed that Stephens would not be able to return to his previous occupation because of Stephens' expressions of neck pain and lower back problems, but there was no objective evidence to support this belief.

Stephens was examined for mental disorders in May 1991. The examining physician found no mental impairment, but concluded that there was evidence of malingering. That same month, Stephens underwent arthroscopy of his left knee, which was diagnosed as 20 percent disabled. A July 1991 physical examination resulted in a five percent disability rating due to Stephens' compression fractures and neck pain, as well as a 20 percent disability rating of his left shoulder. In total, Stephens was determined to be ten percent disabled.

## II.

Stephens first argues that the ALJ erroneously determined that he does not have an *impairment or combination of impairments* listed in 20 C.F.R. Part 404, Subpart P, App. 1. Specifically, Stephens argues that he suffers from an organic mental disorder and depressive syndrome, an affective disorder. Stephens also alleges that his back, neck, and shoulder injury meet the listing for a spinal

impairment, and he alternatively asserts that the combination of all his impairments suffices for a finding of disability under 20 C.F.R. § 404.1523.

Stephens claims that the hearing testimony and Dr. Stevens' report establish his mental impairments. Doctor Stevens' report was submitted following the ALJ determination and was considered and rejected by the Appeals Council. The report indicates that Stephens is possibly illiterate and faces a number of other mental problems. The Appeals council rejected this report as inconsistent with the remainder of the record, and we accord "considerable deference" to that determination. *Mackey v. Shalala,* 47 F.3d 951, 953 (8th Cir.1995).

■ Stephens did not allege a disabling mental disorder in his application for benefits. *See Sullins v. Shalala,* 25 F.3d 601, 604 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 722, 130 L.Ed.2d 627 (1995). Skull x-rays and a CT scan also give no indication of an organic disorder. Stephens' examining psychologist found Stephens' mental activity and thought control to be in good form. Stephens gave no indication during this examination of sleep disturbance or changes in his relationships that would indicate an affective disorder. Stephens also "described a relatively normal lifestyle" to the psychologist and "denied any restrictions in his ability to" care for himself. The psychologist concluded that Stephens exhibited some evidence of malingering. Stephens' statements to the psychologist directly contradict his later assertions of an extremely limited lifestyle. Stephens' hearing testimony also indicated that any current restrictions on his lifestyle were the result of his physical condition and not a result of a mental impairment. Further, Stephens has never sought any treatment for his alleged depression. *See Williams v. Sullivan,* 960 F.2d 86, 89 (8th Cir.1992). Although Dr. Stevens' report provides some evidence that Stephens may suffer from a mental impairment, we do not sit to merely re-weigh the evidence considered by the Secretary, *see Metz v. Shalala,* 49 F.3d 374, 376 (8th Cir.1995), and we are not dissuaded that there is substantial evidence

that Stephens does not suffer from a listed organic or affective mental impairment.

■ The finding that Stephens does not suffer from a listed spinal disorder is also supported by substantial evidence. The July 1991 examination of Stephens indicated only a five percent disability to the neck, and ten percent disability to the body as a whole. Also, a shoulder is not a spine, so Stephens' complaints and assertions relating to his shoulder are of no consequence to a determination of whether he has a listed spinal disorder. All of the evidence pointed to by Stephens indicating his alleged disability is contradicted by evidence that his spinal condition had healed. An August 1990 MRI of Stephens' cervical spine revealed only a "very minimal bulge." In October 1990, Stephens' thoracic vertebrae were healed, and he displayed a normal spine in a November 1990 examination. Although there is evidence that Stephens suffers from muscle spasms, this is insufficient to establish a listed disability.

■ Doctor Vermont's report enumerates a number of physical limitations faced by Stephens and notes that these limitations may make employers hesitant to hire Stephens because he poses an insurance risk. Doctor Vermont's report was considered but rejected by the Appeals Council as not new and material evidence. Material new evidence considered by the Appeals Council will be viewed with the record as a whole, whereas new evidence not considered by the Appeals Council will be considered by the reviewing court only upon a showing of materiality and good cause for not incorporating it in the earlier proceedings. *Mackey*, 47 F.3d at 952. In this further permutation of our review, we will consider the Vermont report as part of the record, but only to the extent Stephens can independently satisfy us as to its materiality. *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir.1990); *see Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir.1992).

■ Doctor Vermont's report does not indicate the degree of Stephens' limited range of spinal motion. *See Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir.1995). Nor

does the report "cite any objective medical tests or diagnostic data to support" its conclusions. *Id.; see Browning v. Sullivan*, 958 F.2d 817, 823 (8th Cir.1992) (conclusory diagnosis letter does not overcome substantial evidence to the contrary). The report is also contradicted by the October 1990 examination that showed a full range of motion in all directions of Stephens' back. Further, Dr. Vermont's conclusory determination that employers would be reluctant to hire Stephens because he poses an insurance risk is irrelevant and immaterial to a determination of whether he is disabled under the Act. *See* 20 C.F.R. § 404.1566(c)(1); *Cronkite v. Sullivan*, 935 F.2d 133, 134 (8th Cir.1991) (per curiam); *Glassman v. Sullivan*, 901 F.2d 1472, 1474 (8th Cir.1990). Accordingly, Dr. Vermont's report does little to detract from the substantial evidence supporting the Secretary's determination that Stephens does not suffer from an impairment or combination of impairments sufficient to establish a listed disability.

■ Stephens next contends that the ALJ failed to properly consider his subjective complaints of pain in accord with *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). We find that the ALJ could properly discount Stephens' complaints of pain because of numerous "inconsistencies in the evidence as a whole." *Sullins*, 25 F.3d at 603. Stephens' medical evaluations, while initially pessimistic, eventually indicated recovery from his injuries and fail to reveal "a condition reasonably expected to produce" the level of pain alleged by Stephens. *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir.1990); *see Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir.1991). Additionally, during Stephens' functional capacity evaluation, he demonstrated the ability to stand all day, use his hands without restriction, and lift 50 pounds. There is also evidence in the record that Stephens could carry 25 pounds. This is twice as much as the weight of Stephens' chainsaw, the maximum weight lifted in his prior employment.

Stephens was taking no substantial pain medication, which is similarly "inconsistent with subjective complaints of disabling pain." *Haynes v. Shalala*, 26 F.3d 812, 814 (8th

Cir.1994). Moreover, Stephens' claims of incapacitating pain are further contradicted by the indications of a "normal lifestyle" given during his psychological evaluation. At that same exam, Stephens stated that his neck and back problems had existed for approximately five years despite the fact that his accident had occurred only about 14 months earlier. There is contradictory evidence at virtually every turn in the record. Indeed, Stephens' subjective complaints face too much contrary evidence for us to say that the ALJ could not disregard them. *See Metz*, at 376–77; *Chamberlain*, at 1494–95; *Haynes*, 26 F.3d at 814–15.

Finally, Stephens claims that the ALJ improperly disregarded the *Dictionary of Occupational Titles* ("*DOT*") in determining that Stephens could return to his past relevant work as a log cutter. Stephens asserts that the *DOT* describes logging as requiring a heavy level of exertion, *see DOT* § 454.684–018, and that the physical therapist's assessment relied on by the ALJ found Stephens to be capable of performing only light work. Thus, Stephens claims, the ALJ's decision is not supported by substantial evidence.

 The ALJ based his finding that Stephens could return to his former employment on a determination that the actual job duties as Stephens carried them out required only medium to light levels of exertion. An ALJ will take notice of the *DOT* when determining if there are jobs suitable in the national economy for a claimant. *See* 20 C.F.R. § 404.1566(d)(1). An ALJ, however, is not specifically limited to finding that a particular job as outlined in the *DOT* is necessarily the particular job or type of work performed by the claimant. Rather, the ALJ may determine that a claimant is not disabled when he can still perform the actual duties of a past relevant job. *See Evans v. Shalala,* 21 F.3d 832, 833–34 (8th Cir.1994); *Martin v. Sullivan,* 901 F.2d 650, 653 (8th Cir.1990); *see also Sells v. Shalala,* 48 F.3d 1044, 1046 (8th Cir.1995) (noting that a comparison of residual functional capacity with the demands of past relevant work is necessary to determine if the claimant can return to that work). Stephens himself indicated that his past employment as a log cutter involved no heavy lifting and no substantial exertion. Although we disagree that Stephens engaged in light work, the ALJ's finding that Stephens' is still capable of performing his previous log cutting duties is supported by substantial evidence.

Based on the combination of objective medical evidence, discrediting of Stephens' allegations of pain, and the remainder of the record, we find substantial evidence that Stephens failed to demonstrate his inability to perform his past relevant work as he had carried it out.

The judgment is affirmed.