_____

No. 95-2332
_____

Thang T. Nguyen,                        *
                                        *
          Appellant,                    *
                                        *  Appeal from the United States
     v.                                 *  District Court for the
                                        *  District of Nebraska.
Shirley S. Chater,                      *
Commissioner of the Social              *
Security Administration,                *
                                        *
          Appellee.                     *

_____

          Submitted:  December 11, 1995

             Filed:  February 2, 1996
_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.
_____

BEAM, Circuit Judge.


     Thang T. Nguyen appeals the district court's affirmance of a
denial of Supplemental Security Income (SSI) benefits by the Social
Security Administration.  We affirm.


**I. BACKGROUND**


     Nguyen applied for disability benefits on January 27, 1993.
Her application was denied initially and on reconsideration.  She
then requested a hearing before an administrative law judge (ALJ).
After the hearing, the ALJ found Nguyen did not suffer from a
severe impairment and denied her claim.  The Appeals Council
affirmed the decision, as did the district court.

Nguyen suffers from osteoarthritis.  She complains of pain in her shoulders, back, hands, and knees.  She was approaching sixty years old at the time of the hearing and had been employed as a food worker in her native country of Vietnam.  She has no formal education, cannot speak English and can neither read nor write in any language.  She is small in stature, weighing eighty-eight pounds and measuring fifty-four inches in height.

At the hearing, Nguyen testified through an interpreter that her knees and back cause the most pain but that she is able to relieve it with hot, wet towels.  She uses the hot, wet towels three times a week.  She stated that her knees become sore and numb after standing for fifteen minutes or walking farther than two blocks.  She also testified that she visits her neighbors, cooks her own meals, does her own laundry, and attends church.

Nguyen was seen by a physician regularly between June 1992 and September 1992, and again in March 1993.  The physician concluded that Nguyen "has generalized osteoarthritis with significant osteoarthritis of both knees."  He further noted that the condition improved with medication (a non-steroidal anti-inflammatory drug).  Nguyen was also seen, at the ALJ's request, by another doctor, who found normal range of motion but noted that she "may generally not be in good condition from a musculoskeletal standpoint."  Neither physician rendered an opinion on whether Nguyen would be able to perform work, nor placed any work-related restrictions on her.

The ALJ applied the familiar five-step analysis prescribed in the regulations.  See 20 C.F.R. § 404.1520(a)-(f).  In the sequential analysis, the ALJ first determines whether an applicant for disability benefits is engaged in "substantial gainful activity."  Williams v. Sullivan, 960 F.2d 86, 88 (8th Cir. 1992); 20 C.F.R. § 404.1520(b).  If the answer is yes, the person is not disabled and benefits are denied; if the answer is no, the ALJ moves to step two in the determination.  At step two, the claimant

-2-

bears the burden of establishing that she has a severe impairment that significantly limits her physical or mental ability to do basic work activities.[1]  Williams, 960 F.2d at 88.  If the claimant fails to show that she has a severe impairment, the analysis ends and the claimant is found to be "not disabled."  Id.  If the claimant succeeds, however, the ALJ proceeds to determine whether the claimant can return to her former work, and, if not, whether there are other jobs in the economy that she can perform.  Id. When making those determinations, the ALJ may consider age, education, and work experience.  20 C.F.R. § 404.1520(f).

At step two of the sequential analysis, the ALJ found that Nguyen had not demonstrated that she had an impairment so severe that it limited her ability to do basic work activities. Accordingly, he did not consider the impact of vocational factors such as age, stature, education, and work experience on her ability to work.

Nguyen argues that the ALJ improperly terminated the sequential evaluation process at step two--using the wrong standard to evaluate the severity of her impairments.  She contends that the ALJ should have considered vocational factors such as age, education and work experience, and that if those factors had been considered, she would be entitled to benefits.

---

[1]The ability to do most work activities encompasses "the abilities and aptitudes necessary to do most jobs."  Williams v. Sullivan, 960 F.2d 86, 88 (8th Cir. 1992).  Examples include physical functions such as walking, sitting, standing, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work situation.  Id. at 88-89; 20 C.F.R. § 1521(b).

## II. DISCUSSION

Our task on appeal is limited to a determination of whether the Commissioner's decision is supported by substantial evidence in the record as a whole. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). We consider evidence that supports the decision along with evidence that detracts from it. Id. If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the decision of the Commissioner. Id.

We adhere to the principle that the sequential evaluation process may only be terminated at step two when an impairment or combination of impairments would have no more than a minimal effect on the claimant's ability to work. Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1991). Denial of benefits at step two "is justified only for `those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account.'" Siemers, 47 F.3d at 302 (quoting Bowen v. Yuckert, 482 U.S. 137, 153 (1987)).

We agree with the ALJ that Nguyen has failed to demonstrate that she has an impairment that is more than slight. The ALJ concluded that Nguyen does not have a medically severe impairment based on the medical evidence and on Nguyen's own testimony. The medical evidence shows that Nguyen has osteoarthritis that improves with medication. Nguyen testified that mild anti-inflammatory medication offers her some relief from the pain. We find that the ALJ properly considered and discounted Nguyen's subjective complaints of disabling pain. See Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir. 1984). Nguyen's daily activities are incompatible with disabling pain. That Nguyen is otherwise unemployable because she lacks either language skills or education does not enter into the calculus absent a severe impairment.

-4-

## III.  CONCLUSION

We have carefully reviewed the record and find substantial evidence supporting the ALJ's determination that Nguyen's physical impairments are not medically severe.  Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.