# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1970

_____

Nancy East,                                    *
                                               *
            Appellant,                         *
                                               *    Appeal from the United States
      v.                                       *    District Court for the Eastern
                                               *    District of Arkansas.
Kenneth S. Apfel, Commissioner of              *
Social Security,                               *        **[UNPUBLISHED]**
                                               *
            Appellee.                          *

_____

Submitted: December 17, 1998
Filed: May 28, 1999

_____

Before BEAM, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Nancy East appeals the district court's[1] grant of summary judgment affirming the Social Security Commissioner's decision to deny her application for disability insurance benefits (DIB) and supplemental security income (SSI). We affirm.

_____

[1]The HONORABLE HENRY L. JONES, JR., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994).

East filed the instant applications for DIB and SSI alleging she was disabled due to hypertension, depression, and arthritis in her left shoulder. The administrative law judge (ALJ) found that East did not have a severe impairment and, therefore, was not disabled at any time through December 31, 1989.[2] East contends that the ALJ's decision that she is not disabled is not supported by substantial evidence on the record as a whole. East further argues that the ALJ erred in discounting her subjective complaints of pain.[3]

We review the ALJ's decision to determine whether it is supported by substantial evidence on the record as a whole. See Clark v. Apfel, 141 F.3d 1253, 1255 (8th Cir. 1998). Substantial evidence is defined as relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion. See id. In our review, we must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See id. We may not reverse the Commissioner's decision merely because substantial evidence exists in the record to support a contrary outcome. See id.

We have carefully reviewed the administrative record, the district court's well-reasoned opinion, and the parties' arguments on appeal. Upon review, we find that substantial evidence in the record supports the ALJ's determination that East did not

---

[2]East's disability insured status expired on December 31, 1989, which is the date that she last met the special earnings requirement. See 42 U.S.C. § § 416(i)(3)(B), 423(c)(1)(B) (1994). In determining eligibility for disability insurance benefits, we only consider an individual's medical condition as of the date that individual was last insured. See Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997).

[3]We note that East further argues that the ALJ erred in failing to consider her current condition, failing to make specific findings, failing to call a vocational expert, and failing to consider her nonexertional impairments.

have a severe impairment and, therefore, was not disabled at any time through December 31, 1989.

Regarding East's hypertension, her medical reports indicate that this hypertension can be easily controlled with medication. Dr. Ted Brown, East's treating physician, also stated that East's hypertension is easily controlled when East has been in the hospital and that it is apparent that East adjusts her own medication and also has admitted to not taking her medication. Dr. Brown opined that these factors probably are the cause of her poor control of the hypertension. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997) (failure to follow a prescribed medical regimen without good reason may support ALJ's denial of benefits); Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996) (conditions that can be treated with medication are not disabling).

Regarding East's depression, the ALJ concluded that East's depression did not interfere with her ability to remain oriented and in contact with reality, nor did East have deficiencies in concentration or lack the ability to perform work related tasks. On several occasions, East refused treatment for her depression. See McClees v. Shalala, 2 F.3d 301, 303 (8th Cir. 1993) (failure to seek treatment is inconsistent with disability). When East did receive treatment for depression, Dr. John Beck noted that Lithium improved her mood and sleep, decreased her blood pressure, and terminated her withdrawn behavior. See Nguyen, 75 F.3d at 431 (conditions that can be treated with medication are not disabling).

Regarding East's complaints of left shoulder pain, her EMGs, nerve conduction studies, and CT scans consistently showed normal findings. Dr. Stephen Snyder, an orthopedist, noted that the tests of East's shoulder were within normal limits, that he could find no significant pathology in her shoulder to explain her complaints, and that no further orthopedic evaluation was necessary. See Stephens v. Shalala, 50 F.3d 538, 541 (8th Cir. 1995) (lack of objective findings to support pain is strong evidence of lack of a severe impairment); Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1992);

Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989) (medical opinion of a treating physician is to be given substantial weight). Therefore, we conclude that the ALJ's findings that East's hypertension, depression, and left shoulder pain were not severe were supported by substantial evidence on the record as a whole.

In addition, we find that the ALJ relied upon the proper factors in discounting East's subjective complaints of pain under the standards set out in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ considered the lack of objective medical evidence as well as East's daily activities.[4] See Haynes v. Shalala, 26 F.3d 812, 814-15 (8th Cir. 1994) (ALJ may consider daily activities inconsistent with complaints of disabling pain); Beeler v. Bowen, 833 F.2d 124, 126-27 (8th Cir. 1987) (absence of objective medical evidence is one factor ALJ may consider).

Finally, we have carefully considered East's remaining arguments on appeal and find them to be without merit. In sum, we hold that the ALJ has fully and fairly developed the record and that substantial evidence on the record as a whole supports the ALJ's grant of summary judgment to the Commissioner. The order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]East's daily activities included: cooking, cleaning, and yard work. East also stated that she walks, bicycles, and drives as well as visits family.