# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1683

_____

Stella Louise Schafer,          *
                                               *

          Appellant,          *

                                             *     Appeal from the United States

      v.                             *     District Court for the

                                             *     Western District of Missouri.

Kenneth S. Apfel, Commissioner of    *
Social Security,                   *        [UNPUBLISHED]

                                             *

          Appellee.          *

_____

Submitted: September 7, 1999
Filed: September 16, 1999

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Stella Louise Schafer appeals the District Court's[1] order granting summary judgment and affirming the Commissioner's decision to deny Schafer supplemental security income. Schafer had alleged she could not work because of nerves, inability to cope with stressful situations or outside of the home, manic depression, and panic attacks. For reversal, Schafer argues that the Administrative Law Judge (ALJ) erred

_____

[1]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

by terminating the sequential evaluation process at step two, discounting the opinion of her treating physician, and mischaracterizing the evidence regarding her daily activities. For the reasons discussed below, we affirm the judgment of the District Court.

Having carefully reviewed the record, taking into consideration the evidence that supports as well as detracts from the Commissioner's final decision, see Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999), we conclude the ALJ properly discounted the opinion of Schafer's treating physician. The physician's conclusory opinion that she was disabled (indicated by check marks on a form) was based upon Schafer's self-reported symptoms and limitations, he performed no testing and made no referrals, his records suggest that she responded well to medication and did not complain of anxiety and/or depression at every visit, and he did not complete a medical source statement indicating her limitations. See 20 C.F. R. § 404.1527(e)(1) (1998) (Commissioner is responsible for making determination that claimant is disabled; statement by medical source that claimant is disabled does not mean Commissioner will agree); cf. Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995) (treating physician's opinion that claimant was not able to bend or stoop was unsupported by objective medical tests or diagnostic data and was not conclusive in disability determination; weight given to treating physician's opinion is limited if it is only conclusory statement); Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996) (claimant failed to demonstrate that impairment was more than slight where medical evidence showed improvement with medication).

As to Schafer's daily activities, the ALJ properly considered them in conformity with Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), in evaluating her subjective complaints. See Haggard, 175 F. 3d at 594. Although Schafer and her husband indicated that the level of her daily activity decreased when she experienced anxiety attacks and depression, it was proper for the ALJ to determine whether their

testimony was credible.  See Seimers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995) (assessing credibility of witnesses lies within province of Commissioner).

Under step two of the Commissioner's five-step evaluation process, a claimant has the burden of establishing he or she has a severe impairment that significantly limits the ability to perform basic work activity.  See Nguyen, 75 F.3d at 430-31 (describing five-step process).  Schafer argues that the ALJ applied too high a standard in deciding to terminate the evaluation at step two.  Although the ALJ did not specifically articulate the standard, the record supports that he applied the proper standard and the ALJ's findings are supported by substantial evidence on the record as a whole.  See Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1991) (although ALJ's opinion did not specifically acknowledge governing standard for termination at step two, reading of record and opinion convinced court that correct standard was applied).  After thoroughly summarizing the record before him, the ALJ determined that Schafer had no impairment, singly or in combination, which more than slightly limited her ability to perform basic work activities.

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.