# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2074

_____

| | | |
|---|---|---|
| Sandra S. Trammell, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Larry G. Massanari, Acting | * | |
| Commissioner, Social Security | * | [UNPUBLISHED] |
| Administration,* | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  May 4, 2001

Filed:  May 10, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

In June 1996, Sandra S. Trammell sought disability insurance benefits and supplemental security income, complaining of tachycardia, gastritis, shortness of

_____

*Larry G. Massanari has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee under Federal Rule of Appellate Procedure 43(c)(2).

breath, fatigue, weakness, chest pain, and anxiety. After a hearing, an administrative law judge (ALJ) determined Trammell was not disabled because she did not have a severe impairment or combination of impairments within the meaning of the regulations. The Appeals Council later denied Trammell's request for review, after considering records of Trammell's treating physician, some of which predated, but were not submitted before, the ALJ's decision.

After Trammell commenced this federal court action and the parties filed cross motions for summary judgment, the district court granted judgment in favor of the Commissioner. Trammell appeals.

Having reviewed the record, including relevant evidence submitted to the Appeals Council, we are convinced Trammell met her burden of showing she had impairments which would have had more than a minimal effect on her ability to work, and for which, contrary to the ALJ's belief, she received ongoing treatment. See Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996) (claimant bears burden of establishing she has severe impairment; sequential evaluation process may be terminated for lack of severe impairment only when claimant's impairments would have no more than minimal effect on her ability to work). Accordingly, we reverse the grant of summary judgment in favor of the Commissioner. On remand, the ALJ should proceed with the sequential evaluation process and determine whether Trammell could return to her former work, and if not, whether there were any jobs in the national economy she could perform. See 20 C.F.R. §§ 404.1520, 416.920 (2000) (discussing five-step sequential evaluation process). Other arguments advanced by Trammell's counsel have little to do with the facts of this case, and do not merit further discussion.

We reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.