# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1856

_____

Kenneth Lacewell,                                    *
                                                     *
              Appellant,                             *
                                                     *    Appeal from the United States
       v.                                            *    District Court for the
                                                     *    Eastern District of Arkansas.
Jo Anne B. Barnhart, Commissioner,                   *
Social Security Administration,                      *    **[UNPUBLISHED]**
                                                     *
              Appellee.                              *

_____

Submitted: December 28, 2004
Filed: January 26, 2005

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kenneth Lacewell (Lacewell) applied for disability insurance benefits (DIB) in July 1999, alleging disability since February 1999 from a deviated septum, obstructive sleep apnea, recurrent sinusitis, and headaches. After a hearing, an administrative law judge (ALJ) concluded (1) Lacewell's testimony as to the extent of his symptoms and limitations was not fully credible; (2) while he had been diagnosed with and treated for sleep apnea, myofascial back pain, headaches, sinusitis, and gastroesophageal reflux disease, these impairments did not limit his ability to perform basic work activities and thus were not severe; and (3) a Veterans

Administration (VA) disability determination did not necessarily mean Lacewell met the requirements for DIB. The ALJ denied benefits, the district court[1] affirmed the final decision, and Lacewell appeals. Having carefully reviewed the record, see Dixon v. Barnhart, 353 F.3d 602, 604-05 (8th Cir. 2003), we affirm.

In arguing that the ALJ erred in finding his impairments not severe at step two of the sequential evaluation process, Lacewell relies in part on his own testimony. However, the ALJ cited multiple valid reasons for finding Lacewell not entirely credible. See Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (if ALJ explicitly discredits claimant and gives good reasons for doing so, this court normally defers to his credibility determination). In particular, we agree with the ALJ that Lacewell's reported daily activities; his failure to return as directed to the neurologist who had prescribed a continuous positive airway pressure (CPAP) machine for his sleep apnea, or to tell that doctor about purported problems with the CPAP machine; and the relatively few complaints of headaches noted in the medical records undermine the existence of severe impairments. See Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996) (noting in affirming denial of benefits at step 2 that reported daily activities–visiting neighbors, cooking meals, doing laundry, and attending church– were incompatible with disabling pain); cf. Johnston v. Apfel, 210 F.3d 870, 875 (8th Cir. 2000) (noting in affirming step-two denial that, inter alia, there was no evidence claimant had reported dizziness, agorophobia, or lightheadedness to her doctors) .

Lacewell also challenges the step-two denial by arguing that many physicians had noted his significant pain and discomfort. We disagree. The records from the physicians Lacewell lists support the ALJ's determination Lacewell's conditions had no more than a minimal impact on his ability to work. See Nguyen, 75 F.3d at 430-31

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

(sequential evaluation process may be terminated at step two only when impairment or combination of impairments would have no more than minimal effect on claimant's ability to work; claimant bears burden of establishing severe impairment that significantly limits his physical or mental ability to do basic work activities). We also disagree with Lacewell's assertion the ALJ did not consider his impairments in combination, given the ALJ's thorough discussion of the medical evidence and Lacewell's testimony, and the ALJ's enumerated findings.

Citing Morrison v. Apfel, 146 F.3d 625 (8th Cir. 1998), Lacewell appears to argue the VA disability finding precluded a step-two denial. This argument also fails. Here, in contrast to the facts in Morrison, cf. id. at 628, the VA disability findings were not accompanied by extensive medical findings, and the ALJ specifically discussed the VA ratings. Further, the VA was apparently persuaded Lacewell was unemployable because the VA believed Lacewell had been terminated, but Lacewell testified before the ALJ that he had retired due to a merger, declining his employer's offer to transfer him to a job with more responsibility; and the VA's final letter indicated Lacewell's actual disability rating was 50%, although he had been found 100% "unemployable." Cf. Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir. 1994) (per curiam) (finding no support for contention that claimant's sixty percent service-connected disability rating equated with inability to engage in substantial gainful activity under social security standards).

Finally, we reject Lacewell's contention the ALJ should have sent him for a consultative examination. While an ALJ is required to develop the record fully and fairly even when a claimant has an attorney, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000) (ALJ only must order consultative examination when it is necessary for an informed decision), the record before the ALJ contained treating physicians' assessments of Lacewell's sinus problems, headaches, sleep apnea, and deviated septum, and thus a consultative examination was not required, see Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir. 2004) (ALJ must develop record fully and

fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

Accordingly, we affirm.

_____