# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1490

_____

Shirley R. Camp,

        Appellant,

v.

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,

        Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*  [UNPUBLISHED]
\*
\*

_____

Submitted: June 23, 2006
Filed: June 29, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Shirley R. Camp appeals the district court's[1] order affirming the denial of disability insurance benefits. Camp alleged disability since January 2002 from multiple impairments, including arthritis, nerves, diabetes, seizures, and muscle spasms. After an April 2003 hearing, an administrative law judge (ALJ) determined that (1) certain of Camp's alleged impairments were not severe, although some were

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

medically determinable; (2) her diabetes and cervical degenerative disc disease with chronic pain were severe impairments alone or combined, but not of listing-level severity; (3) her allegations of limitations were not entirely credible; (4) her residual functional capacity for less than a full range of light work precluded her past relevant work; but (5) she could perform other jobs a vocational expert (VE) had identified in response to a hypothetical.

Camp argues that the ALJ erred in determining that she did not suffer from severe depression and anxiety. We disagree, because, among other reasons, there was nothing in the record indicating Camp was referred to or sought care from a mental health professional, see Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (failure to seek treatment may be inconsistent with disability); as of Camp's alleged onset date, there were no noted reports of anxiety or depressive symptoms, other than sleeping problems; and she herself told specialists she had a history of only mild anxiety and depression. See Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996) (claimant bears burden of establishing severe impairment that significantly limits her physical or mental ability to do basic work activities).

We also reject Camp's challenges to the ALJ's credibility findings and to the hypothetical. Contrary to Camp's assertions, the ALJ gave multiple valid reasons--in addition to the lack of objective medical evidence--for finding her not entirely credible, see Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (this court does not re-weigh evidence and defers to ALJ's credibility determination so long as it is supported by good reasons and substantial evidence); and in the hypothetical the ALJ, as required, set forth impairments that he accepted as true and that were supported by substantial evidence, see Stormo v. Barnhart, 377 F.3d 801, 808-09 (8th Cir. 2004).

Camp's remaining arguments provide no basis for reversal. Accordingly, we affirm.

_____