# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2835

———————

Glenda E. Armoster,                     *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
      v.                                *   District Court for the
                                        *   Eastern District of Arkansas.
Jo Anne B. Barnhart,                    *
                                        *   [UNPUBLISHED]
            Appellee.                   *

———————

Submitted: July 5, 2006
     Filed: July 14, 2006

———————

Before ARNOLD, BYE, and SMITH, Circuit Judges.

———————

PER CURIAM.

Glenda E. Armoster appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. In her November 2001 applications Armoster alleged disability since September 2001 from, inter alia, anemia, thyroid problems, arthritis, and swelling. After a November 2003 hearing, where Armoster (age 36) was counseled, an administrative law judge (ALJ) found

———————

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

that Armoster's impairments of morbid obesity, hypothyroidism, hypertension, anemia, gastrointestinal disorders, and anxiety were medically determinable, but were not severe alone or combined. In so finding, the ALJ discounted Armoster's subjective complaints.

Armoster argues that the ALJ erred in denying her claim at step two of the sequential evaluation process. Although she does not directly challenge the ALJ's credibility findings, the ALJ based his step-two determination in part on his finding that Armoster's subjective complaints were not credible. We find that the ALJ's decision to discount Armoster's subjective complaints was based on multiple valid reasons. See Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (if ALJ explicitly discredits claimant and gives good reasons for doing so, this court normally defers to his credibility determination). We reject Armoster's suggestion that her diagnoses, considered together, required the ALJ to go beyond step two. Cf. Johnston v. Apfel, 210 F.3d 870, 871-75 (8th Cir. 2000) (affirming step-two denial despite diagnoses of hyperthyroidism and related vision problems, probable panic and anxiety disorder, and occasional slow heart rate); Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996) (affirming step-two denial despite diagnosis of osteoarthritis). We also disagree with her contention that the ALJ was required to explain why Armoster's diagnoses had no more than a minimal impact on her ability to perform each of the basic work activities. See Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001) (at step two, burden is on claimant to establish severe impairment).

Armoster's remaining arguments provide no basis for reversal. Accordingly, we affirm. See Nguyen, 75 F.3d at 431 (standard of review).

_____