# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3089WA

_____

Etta J. Caviness,                      *
                                       *
            Appellant,                 *
                                       *
      v.                               *  On Appeal from the United
                                       *  States District Court
                                       *  for the Western District
Larry G. Massanari, Acting             *  of Arkansas.
Commissioner,[1] Social Security       *
Administration,                        *
                                       *
            Appellee.                  *


_____

Submitted: March 27, 2001

Filed: May 9, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

---

[1]Larry G. Massanari has been substituted as party appellee pursuant to Fed. R. App. P. 43 (c)(2).

Etta J. Caviness claims that she is entitled to disability insurance benefits. The Commissioner, acting through an administrative law judge (ALJ), found that benefits should be denied. On review, the District Court granted the Commissioner's motion for summary judgment and upheld this decision. We hold that the ALJ committed two errors of law and therefore reverse for further proceedings.

Ms. Caviness alleged disability since March 1989 from a bad back, nervousness, depression, and other problems. Her insured status expired in December 1994. After a hearing, the ALJ found that Ms. Caviness had established only mild impairments, which did not significantly limit her ability to function at any level or compromise her residual functional capacity at any time before the expiration of her insured status. Accordingly, the ALJ held that the claimant had not established a severe impairment and concluded the sequential evaluation process at step two. This was error. Ms. Caviness did have the burden of showing a severe impairment that significantly limited her physical or mental ability to perform basic work activities, but the burden of a claimant at this stage of the analysis is not great. The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work. See Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996). The ALJ's opinion nowhere acknowledges this standard.

We have reviewed the record, but we cannot say the evidence was so clearly against the claimant that this error of law was harmless. Possibly the ALJ, if he had applied the correct legal standard and had properly evaluated the claimant's credibility (a point to which we shall return), could have validly found that the impairment was only minimal. A finding the other way, however, could also have been supported by substantial evidence on the record as a whole. It is for the administrative fact-finder, in the first instance, to make this kind of choice, guided by the proper legal standard. Courts should not make this determination in the first instance, unless the case is clear beyond substantial doubt, which this case is not.

We have mentioned the claimant's credibility. In addition to medical records of low back pain, a hiatal hernia, and ulcers, the claimant offered extensive subjective testimony. She testified that, before her insured status expired, she had suffered from chest and moderate (sometimes severe) back pain, moderate stomach pain from her ulcers and a hiatal hernia,[2] shoulder bursitis, occasional right-leg numbness, leg cramps ten times a day, hand cramps and weak hand grips, sleeping only four hours a night, and obesity. The claimant's husband and sister testified in support of these assertions. It seems clear from the ALJ's opinion that he did not believe the claimant, at least not completely. Otherwise, he could not have found that her impairments were insignificant. Our cases, however, require that an ALJ must explicitly discredit a claimant and give reasons, and that he must consider the factors set out in Polaski v. Heckler, 739 F.3d 1320, 1321-22 (8th Cir. 1984). The ALJ's opinion in this case did not discuss most of those factors, or even cite Polaski. Possibly a decision to disbelieve the claimant and her supporting witnesses would be proper, but on this record we cannot so hold as a matter of law.

Accordingly, the judgment of the District Court, upholding the ALJ's determination, must be reversed, and the cause remanded with instructions to remand, in turn, to the Social Security Administration for reconsideration in accordance with this opinion. On remand, the ALJ should consider the claim of mental impairment (depression). All of the medical evidence comes from the period following the expiration of the claimant's insured status. The claimant did not seek treatment for depression, or even report it, until almost three years after her insured status had expired. She and her witnesses testified, however, that she had been suffering mentally, and had simply not known what to do about it. It will be for the ALJ in the first instance to determine the relevance, if any, of the post-insured-status medical evidence. The ALJ should also consider whether a Psychiatric Review Technique

---

[2]A hiatal hernia is a protrusion of the stomach through the diaphragm. It can cause reflux from the stomach and esophagus.

Form should be completed in this case.  Here again, an evaluation of the claimant's credibility, supported by reasons, will be important.

Reversed and remanded with instructions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.