# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 04-1739

---

| | |
|---|---|
| Naomi L. Tellez, | * |
| | * |
| Appellant, | *   Appeal from the United States |
| | *   District Court for the |
| v. | *   Southern District of Iowa. |
| | * |
| Jo Anne B. Barnhart, Commissioner | * |
| of the Social Security Administration, | * |
| | * |
| Appellee. | * |

---

Submitted: December 13, 2004
Filed:   April 8, 2005

---

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

---

BEAM, Circuit Judge.

Naomi Tellez appeals the district court's[1] order upholding the decision of the Commissioner of the Social Security Administration (Commissioner) denying supplemental security income (SSI) benefits following a hearing before an administrative law judge (ALJ), and a subsequent denial of review by the Appeals Council. We affirm because the Commissioner's decision is supported by substantial evidence.

---

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

## I.    BACKGROUND

Tellez filed her application for SSI disability benefits in March 2000, alleging disability since 1970. The Commissioner initially denied benefits and the ALJ affirmed that denial. The ALJ held that Tellez's impairments included major depressive disorder with dysthymia; a personality disorder; asthma; obesity; and a medically determinable impairment with complaints of lower back, foot, and ankle pain. Tellez has worked since her alleged onset in various part-time positions including work at a doughnut shop, a telemarketing business, a food department at a local college, and two fast food chains.

Following the regulatory five-step sequential evaluation, the ALJ concluded that Tellez had not engaged in "substantial gainful activity" at any time relevant to the decision, and that although her impairments were severe, the combined clinical findings did not reach the level of severity contemplated in the Listings. See 20 C.F.R. Pt. 404, Subpt. P, App. 1. Finally, the ALJ held that Tellez's impairments do not prevent her from doing her past relevant work, nor do they prevent her from doing any other work that exists in significant numbers in the national economy. The ALJ noted that Tellez's activities of daily living were inconsistent with an allegation of total disability and that there were issues of non-compliance throughout the record. The ALJ did not give significant weight to the limitations noted by Tellez's treating physician and others because they were inconsistent with Tellez's work history and the evidence as a whole.

On appeal, Tellez challenges the ALJ's opinion, arguing that the ALJ: (1) erred in his determination that she had achieved substantial gainful activity,[2] (2) should

---

[2]We have reviewed but do not discuss this argument, as the ALJ's determination regarding substantial gainful activity had no bearing on the ultimate denial of Tellez's claim. The ALJ determined that Tellez had not engaged in

have given the treating psychiatrist and nurse practitioner's opinions controlling weight, or at the very least great weight, (3) relied on his own view of the medical evidence rather than the evidence from a mental health professional in assessing Tellez's limitations, (4) failed to properly weigh the opinion of the vocational counselor, (5) failed to evaluate Tellez's credibility under the Polaski standard, and (6) failed to credit all of the other third-party observations contained in the record.

## II.    DISCUSSION

Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole. Raney v. Barnhart, 396 F.3d 1007, 1009 (8th Cir. 2005). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). In reviewing the Commissioner's decision, we do not substitute our own view of the evidence for that of the Commissioner. Kelley v. Barnhart, 372 F.3d 958, 960 (8th Cir. 2004). Whether the record supports a contrary result or whether we might decide the facts differently is immaterial. We must affirm the Commissioner's decision if the findings are supported by substantial evidence. Roberts v. Apfel, 222 F.3d 466, 468 (8th Cir. 2000).

Tellez argues that the ALJ erred in failing to give controlling weight to the opinions of her treating psychiatrist and nurse practitioner. An ALJ will give controlling weight to a treating source's opinion if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 416.927(d)(2). In addition to the treatment notes included in the record, Tellez's treating psychiatrist and nurse

_____

substantial gainful activity at any time relevant to this decision.

practitioner jointly completed a questionnaire describing Tellez's residual functional capacity (RFC), including limitations such as marked impairment in her ability to relate to other people, attend activities of daily living, remember work-like procedures, and to maintain regular work attendance. In spite of that assessment, however, the ALJ recognized that although Tellez had reported difficulty in terms of social functioning, her degree of limitation had been modest and had never caused her to lose a job.

The ALJ found Tellez's *actual* work history and work assessments from Tellez's employers quite persuasive in his ultimate decision to deny benefits. The record contains statements from at least three employers, two of whom praised Tellez's work and noted her punctuality and the quality of her work. Thus, the reports of her actual behavior in the workplace were clearly at odds with the extreme limitations described by her psychiatrist and nurse practitioner. Given that discrepancy, substantial evidence supports the ALJ's determination not to afford controlling weight to those opinions.

The record also adequately supports the ALJ's assessment concerning Tellez's limitations. Tellez contends that the ALJ did not "fully and fairly develop the record" concerning her limitations and that if the "ALJ did not believe that the professional opinions available . . . were sufficient to allow him to form an opinion, he should have further developed the record." However, there is no indication that the ALJ felt unable to make the assessment he did and his conclusion is supported by substantial evidence. "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must first evaluate the claimant's credibility before determining a claimant's RFC. Id. at 1218. Tellez fails to recognize that the ALJ's determination regarding her RFC was influenced by his determination that her allegations were "less than fully credible," and we give the ALJ deference in

that determination.  See Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001) (deference to ALJ is appropriate when he explicitly discredits claimant and gives good reasons for doing so).

In Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), this circuit set out the factors to be considered in evaluating a claimant's subjective allegations, including complaints of pain.  Using the Polaski factors, the ALJ reviewed the following in making this determination: Tellez's daily activities; duration, frequency and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. Id. at 1322. We note further that "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Pearsall, 274 F.3d at 1218.

The ALJ considered Tellez's testimony and found that it was inconsistent with the record as a whole.  In short, the ALJ concluded that Tellez's daily living activities–including the care of her special needs children, bill paying, laundry, and cooking–were inconsistent with her allegation of total disability.  And Tellez noted that her concern with working was not that she couldn't perform the work required, but that she wasn't scheduled enough hours to sustain herself.

The ALJ also noted Tellez's medical non-compliance.  Not only would Tellez regularly miss medication checks and psychiatric appointments, but she did not take her medications as prescribed.[3]  Further, there were inconsistencies in the information Tellez provided physicians and others treating her about her own physical health and well-being and her work history.  See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th

---

[3]We acknowledge Tellez's assertion that her reason for not medicating as prescribed was due to her daughter's death in November 2000.  Understandably, that would be a traumatic event to overcome.  However, that does not justify her non-compliance during the entire period since her alleged onset date.

Cir. 2005) (deference to ALJ's credibility determination is warranted if the determination is supported by good reasons and substantial evidence).

Finally, the ALJ did not ignore the testimony and reports of Tellez's other witnesses, but rather considered those opinions and held that the testimony "was credible but did not show that the claimant's impairments were so limiting as to render her disabled." As to Tellez's own vocational rehabilitation counselor, the ALJ determined that her opinion was "not consistent with the claimant's work history or the evidence as a whole." The ALJ *did* consider, however, the opinion of vocational expert G. Brian Paprocki, who testified in response to a hypothetical question that given Tellez's particular limitations, a person could perform her past relevant work as a commercial cleaner, as Tellez performed it, as a salad maker both as Tellez performed it and as it is normally performed in the national economy, and as a power press tender as Tellez performed it and as it is normally performed in the national economy. Based on that testimony, the ALJ found that Tellez can perform her past relevant work. Given all of the evidence, and regardless of how we would weigh the same evidence, substantial evidence supports the Commissioner's decision.

## III.   CONCLUSION

The district court's judgment is affirmed.

_____