# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3623

_____

Nanette A. Kimble,                      *
                                     *

           Appellant,           *
                                       *    Appeal from the United States
    v.                            *    District Court for the
                                       *    Eastern District of Arkansas
Jo Anne B. Barnhart, Commissioner of  *
the Social Security Administration,      *    [UNPUBLISHED]
                                       *

           Appellee.            *

_____

Submitted: December 21, 2005
Filed: January 18, 2006

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Nanette A. Kimble appeals from an order of the District Court[1] for the Eastern District of Arkansas affirming a decision of the Commissioner of Social Security denying her application for supplemental security income benefits. For reversal, Kimble argues that the administrative law judge (ALJ) (1) erred in determining that

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

her mental impairments are not "severe" and (2) breached his duty to develop the record regarding her mental impairments.

Having carefully reviewed the record, we hold that substantial evidence on the record as a whole supports the ALJ's conclusion that Kimble's mental impairments are not severe. See Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004) (standard of review). We further hold that the ALJ did not breach his duty to develop the record because the record before him contained sufficient evidence from which to make an informed decision, including substantial evidence supporting his finding of non-severe mental impairments. See Tellez v. Barnhart, 403 F.3d 953, 956-57 (8th Cir. 2005) (rejecting argument that ALJ failed to fully and fairly develop record where there was no indication that ALJ felt unable to make assessment and his conclusion was supported by substantial evidence).

Kimble's remaining arguments either have no apparent relation to this case or are so vague as to be wholly without merit.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____