# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2728

_____

| | | |
|---|---|---|
| Brenda Murray, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Michael J. Astrue, Commissioner, | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 13, 2011
Filed: February 1, 2011

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Brenda Murray appeals the district court's[1] order affirming the denial of supplemental security benefits. Murray alleged that she has been unable to work since 1976 due to a combination of bipolar disorder, anxiety, fibromyalgia, hypertension, mitral valve prolapse, irritable bowel syndrome, arthralgias of the knees, colonic diverticulitis, and chronic obstructive pulmonary disease. After a hearing, an

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

administrative law judge (ALJ) found, as relevant, that while Murray suffered from severe impairments, none of the impairments met the requirements of any listing, alone or in combination; that Murray's subjective complaints were not fully credible; that Murray had the residual functional capacity (RFC) to perform medium work where interpersonal contact is incidental to work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment, and any supervision is simple, direct, and concrete; and that based on a vocational expert's (VE) response to the ALJ's hypothetical, Murray could perform jobs that exist in significant numbers in the national economy. Accordingly, the ALJ concluded that Murray was not disabled. The Appeals Council denied review, and the district court affirmed. Upon de novo review, see Tilley v. Astrue, 580 F.3d 675, 679 (8th Cir. 2009), we agree with the district court that substantial evidence supports the ALJ's decision.

Specifically, we conclude that the ALJ's RFC determination as to Murray's mental impairments and limitations is supported by substantial evidence in the record as a whole. See Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (affirmance proper if the record as a whole reflects that the ALJ's findings are supported by substantial evidence); Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005) (in determining RFC, ALJ must first evaluate claimant's credibility and then take into account all relevant evidence, including medical records, and observations of treating physicians and others); Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (failure to cite specific evidence does not mean it was not considered). Further, the ALJ's hypothetical to the VE was adequately and sufficiently formulated to encompass Murray's RFC. Stormo v. Barnhart, 377 F.3d 801, 808-09 (8th Cir. 2004) (hypothetical is sufficient if it includes impairments supported by substantial evidence and accepted as true by ALJ).

Accordingly, we affirm.

_____