# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1646

_____

| | |
|---|---|
| Danny Foster, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Arkansas. |
| Michael J. Astrue, Commissioner, | * |
| Social Security Administration, | * [UNPUBLISHED] |
| | * |
| Appellee. | * |

_____

Submitted: September 27, 2011
Filed: October 4, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Danny Foster appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB) and supplemental security income. Upon de novo review, see Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011), we affirm. First, we find no error in the administrative law judge's (ALJ's) determination as to which of

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

Foster's impairments was severe. See Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001) (claimant has burden of showing impairment is severe--that it significantly limits his physical or mental ability to perform basis work activity). Second, we find that substantial evidence supports the ALJ's determination as to Foster's residual functional capacity (RFC), see Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records observations of treating physicians and others, and claimant's description of limitations)[2]; and that the ALJ properly relied on the testimony of a vocational expert to find that Foster could perform his past relevant work, see Wagner v. Astrue, 499 F.3d 842, 853-54 (8th Cir. 2007). Finally, to the extent Foster has properly developed the issue, see Meyers v. Starke, 420 F.3d 738, 743 (8th Cir. 2005), we reject as meritless his contention that he was presumptively disabled under a particular listing.

The judgment is affirmed.

_____

_____

[2]Notably, while an ALJ must first evaluate a claimant's credibility before determining RFC, see Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005), Foster has not challenged the ALJ's credibility determination, see Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (abandonment of issue on appeal)