# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3182

_____

Louana Ledbetter

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner, Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: August 5, 2014
Filed: August 22, 2014
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Louana Ledbetter appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Upon de novo

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

review, see Myers v. Colvin, 721 F.3d 521, 524 (8th Cir. 2013), we find that the administrative law judge's (ALJ's) decision is supported by substantial evidence on the record as a whole. Specifically, we find that the ALJ properly performed his function of weighing conflicting evidence and resolving disagreements among treating and consulting physicians and psychologists concerning Ledbetter's mental residual functional capacity (RFC). See Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007) (it is ALJ's function to weigh conflicting evidence and resolve disagreements among physicians; consulting physician's opinion deserves no special weight); see also Renstrom v. Astrue, 680 F.3d 1057, 1064-65 (8th Cir. 2012) (treating physician's opinion does not automatically control; such opinion must be well-supported by medically acceptable clinical diagnostic techniques, and can be discounted if based on claimant's subjective complaints instead of diagnostic findings). We further find that the ALJ's mental RFC determination is consistent with the medical evidence, as well as the ALJ's adverse credibility determination. See Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of limitations).[2] The judgment is affirmed.

_____

_____

[2]We consider only the argument Ledbetter has developed. See Garden v. Cent. Nebraska Hous. Corp., 719 F.3d 899, 905 n.2 (8th Cir. 2013).