MELLOY, Circuit Judge,
concurring.
I concur with respect to the majority’s decision denying enforcement of the Board’s order because the Board misapplied the causation element within the Wright Line standard. Our precedent unequivocally requires more than general hostility toward a union to satisfy the element of unlawful motive. Carleton College v. NLRB, 230 F.3d 1075, 1078 (8th Cir.2000). The Board failed to engage in any meaningful discussion of this requirement. The Board was put on notice, at least by the dissenting Board member, that in the Eighth Circuit the Wright Line analysis requires more than a showing of anti-union animus and protected activity. There must be a nexus between the union activity and the discharge. To be sure, the level of antiunion animus can certainly be considered and is a highly relevant factor in establishing that connection. However, in this case, the Board made no attempt to “connect the dots"” between the anti-union animus, Bandy’s strike participation, and his ultimate discharge.
The dissent makes a powerful argument for the proposition that, had the Board done the correct analysis, it could show a causal connection. The disparate treatment of Bandy, compared to other nonstriking employees as outlined in the dissenting opinion, is extremely troubling. It could very well have provided the substantial evidence that would have allowed this Court to enforce the Board’s order had it done the proper analysis. However, as the majority opinion points out, failure to engage in a proper legal analysis precludes our Court from enforcing the order.
Generally, if an agency applies the wrong legal framework or fails to address an argument, we have the authority to remand the case to the agency for further review. See Ademo v. Lynch, Nos. 13-2621, 13-3566, 2015 WL 4568941, at *9 (8th Cir. July 30, 2015) (immigration); Caviness v. Massanari, 250 F.3d 603, 605-606 (8th Cir.2001) (social security). In Multimedia KSDK, Inc. v. NLRB, 303 F.3d 896, 900 (8th Cir.2002) (en banc), however, we held that unless the “Board offers ah alternative theory on which to uphold its decision” or the Board requests a remand, we cannot remand a case to the Board. I write separately to emphasize that, in the absence of this precedent, I would be inclined to remand this case and permit the Board to apply the correct legal framework. A review of the record indicates Nichols may have engaged in more than general anti-union animus. But, as the majority opinion points out, precedent prevents us from remanding this case. *556 Therefore, I concur with the majority opinion and deny enforcement of the Board’s order.