# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2071

_____

Ronnie Euguene Cates

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: December 22, 2015
Filed: December 29, 2015
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Ronnie Cates appeals the district court's[1] order affirming the denial of his applications for disability insurance benefits and supplemental security income, after a hearing before an administrative law judge (ALJ). Following careful de novo review, and for the reasons explained below, we conclude that substantial evidence in the record as a whole supports the denial of Cates's applications. See Perks v. Astrue, 687 F.3d 1086, 1091, 1093 (8th Cir. 2012) (standard of review).

Cates argues that the ALJ erred in failing to find that Cates's foot pain was a severe impairment. This argument fails: among other things, Cates did not allege any physical impairment in his applications; he sought no medical treatment during the three years preceding his applications; he mentioned no physical complaints or limitations to any care provider, or in disability reports, until almost two years after his applications; and he was able to perform a variety of daily activities. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001); Wagner v. Astrue, 499 F.3d 842, 851 (8th Cir. 2007).

Cates also argues that the ALJ's physical residual functional capacity (RFC) determination was not supported by substantial evidence, because the record lacked any opinion from a consultative or treating provider on Cates's physical impairments. The ALJ had no duty to obtain any such opinion, however, because Cates's physical functioning was not at issue, given the bases that he alleged for disability in his applications and the record that was made before the ALJ. See Landess v. Weinberger, 490 F.2d 1187, 1189 (8th Cir. 1974). The physical RFC determination is supported by substantial evidence, as the ALJ properly considered and weighed available medical and other relevant evidence, and based the RFC determination on independent review of the medical records, the care providers' treatment notes and

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

lack of functional restrictions, Cates's work history and record of treatment, and expert opinions.  See Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005).

The judgment of the district court is affirmed.  See 8th Cir. R. 47B.

_____