United States Court of Appeals

For the Eighth Circuit

_____

No. 21-1819
_____

Jason Bowers

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: January 13, 2022
Filed: July 21, 2022
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

After voluntarily leaving his job due to back problems, Jason Bowers applied for disability insurance benefits. The Social Security Administration found that he was not disabled and denied his application. Bowers sought judicial review and the

district court[1] affirmed.  He appeals, arguing that the agency's decision was not supported by substantial evidence.  We affirm.

## I.

Before applying for disability benefits, Jason Bowers worked as a welder and an electrical and cable lineman.  He suffers from ankylosing spondylitis (AS), osteoarthritis of the sacroiliac joints, and degenerative disc disease,[2] among other conditions.  Bowers applied for disability insurance benefits in January 2018 with a disability onset date of December 18, 2017.

An administrative law judge held a hearing to review Bowers's claim.  At the hearing, Bowers testified that his conditions made it impossible for him to continue working.  He said that he was regularly fatigued, couldn't sleep, and had stiffness and pain every day that made moving difficult.  He claimed that sometimes his pain was so bad that he needed help standing up and washing his lower extremities.  But he also testified that he could walk, drive, and shop for up to an hour at a time; perform chores such as laundry and washing dishes; and do fun activities like fishing.

The ALJ also considered Bowers's medical records.  Bowers had AS for many years before claiming disability.  His rheumatologist, Dr. Majewski, treated him for 15 years with injections.  Although a couple examinations showed that Bowers had a decreased range of motion in his spine, most exams, by both Dr. Majewski and other physicians, were normal.  And both Dr. Majewski and Bowers's cardiologist

---

[1]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).

[2]AS is an inflammatory disease that affects the spine and can eventually cause bones to fuse together.  Osteoarthritis is a type of arthritis affecting the tissue at the end of a bone; Bowers's osteoarthritis affects his pelvis and lower spine.  And degenerative disc disease is a type of osteoarthritis that affects the discs in one's back.

recommended that he exercise. Medical imaging showed limited abnormalities, and Bowers consistently reported no pain.

Bowers's medical records also included a check-box medical source statement about his ability to work. Dr. Majewski completed this, opining that Bowers was disabled and could not work a normal full-time schedule because he could only lift low amounts of weight; stand or walk 2 hours each day; and sit no more than 2 hours each day, and for only 30 minutes at a time. She also reported that Bowers required more frequent and longer breaks, and the ability to shift from sitting to standing at will. Finally, she recommended environmental limitations such as avoiding exposure to fumes, gases, and extreme temperatures.

Two State agency physicians also reviewed Bowers's medical records. They disagreed with Dr. Majewski's conclusion that Bowers was disabled and her recommended exertion limitations. Instead, both concluded that Bowers was able to perform light work with some exertion limitations, and was therefore not disabled.

Finally, a vocational expert testified at the hearing. The expert responded to several hypothetical scenarios from the ALJ about the availability of jobs for people with a combination of limitations, and identified several jobs that Bowers could do. But when asked about jobs that allowed for all of Dr. Majewski's recommended limitations, the expert stated that there were no jobs available.

The ALJ evaluated Bowers's claim using the five-step analysis required by 20 C.F.R. § 404.1520(a)(4)(i)–(v). She found that Bowers (1) had not engaged in "substantial gainful activity" since the disability onset date; (2) has severe impairments; (3) has no impairments that meet any "disabled" listing; (4) had some residual functional capacity, but could not do his old job; and (5) could work other jobs based on his residual functional capacity, age, education, and work experience. The ALJ concluded Bowers was not entitled to disability insurance benefits. Bowers appealed that decision and the district court affirmed. He appeals again.

## II.

When reviewing the denial of disability insurance benefits, we decide whether the findings "are supported by substantial evidence on the record as a whole." *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000) (quotation omitted). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the [ALJ's] conclusion." *Id.* We will not reverse the decision "merely because substantial evidence supports a contrary outcome." *Id.* (quotation omitted).

Bowers argues that the ALJ erred by finding that he has the residual functional capacity to perform a wide range of light work. A claimant's residual functional capacity is a measurement of their ability to do sustained physical or mental work, despite their health limitations. *See* 20 C.F.R. § 404.1545. "The [ALJ] must determine a claimant's [residual functional capacity] based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Hensley v. Colvin*, 829 F.3d 926, 931–32 (8th Cir. 2016) (quotation omitted) (cleaned up). Here, the ALJ found that Bowers had the residual functional capacity to do light work and could "occasionally climb stairs, balance, stoop, kneel, crouch, and crawl," but he could "never climb ladders" and "must avoid pulmonary irritants, extreme heat, and extreme cold."

Dr. Majewski opined that Bowers's conditions require extensive exertional and environmental limitations, and that he does not have the physical stamina to work a normal full-time schedule. But the State agency physicians reported that he could perform light work with some limitations. The ALJ found Dr. Majewski's opinion only partially persuasive—it adopted her suggested limitations on environmental factors, but rejected the extensive exertion limitations. The ALJ found that the State agency physicians' opinions were more consistent with Bowers's medical records.

Bowers first claims that Dr. Majewski's opinion was entitled to deference. Under the current regulations, however, treating physicians are not entitled to special deference. 20 C.F.R. § 404.1520c(a). Instead, ALJs evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors. § 404.1520c(c). The first two factors—supportability and consistency—are the most important. § 404.1520c(a).

The ALJ held that Dr. Majewski's opinion was not supported by the objective medical evidence. Majewski opined that Bowers was unable to work a normal schedule, yet her examinations of him were "routinely normal," she advised him to exercise, and she treated him routinely and conservatively. The ALJ also found that other medical evidence contradicted Dr. Majewski's opinion—medical imaging showed few abnormalities, which the radiologist stated were inconclusive; Bowers's cardiologist also advised him to exercise; two State agency physicians stated that Bowers could perform a light range of work; and Bowers himself reported that he was able to complete significant daily activities. Although Bowers may disagree with the ALJ's conclusion, it is supported by substantial evidence on the record as a whole.

Bowers also argues that the ALJ's reliance on the State agency physicians' opinions was wrong because they did not examine him—they only reviewed some of his medical records. But considering the State agency physicians' opinions was not itself an error, because the ALJ must consider all relevant evidence. *See Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). Nor was the ALJ's reliance on these opinions an error. Even though the State agency physicians did not examine Bowers, the ALJ found that they were reliable because they "are familiar with the disability evaluation process and its requirements" and that their opinions were more consistent with the objective medical evidence in this case. Given that Bowers was treated routinely every six months, had mostly mild findings on imaging studies, and had normal motor and neurological function, the State agency physicians stated that

he had the residual functional capacity to do light work with far fewer exertion limitations than Dr. Majewski suggested.  In light of the record as whole, the ALJ's decision is supported by substantial evidence.

III.

Accordingly, we affirm.

_____