# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1989
_____

Adam Clark

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: October 28, 2022
Filed: November 2, 2022
[Unpublished]
_____

Before COLLOTON, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Adam Clark appeals the district court's[1] order affirming the denial of disability insurance benefits. We agree with the district court that substantial evidence in the

_____

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

record as a whole supports the adverse decision. See Grindley v. Kijakazi, 9 F.4th 622, 627 (8th Cir. 2021) (standard of review).

The ALJ properly relied on the state agency medical consultant's opinion as consistent with the record, see Bowers v. Kijakazi, 40 F.4th 872, 875-76 (8th Cir. 2022) (ALJ did not err in relying on state agency consultants' opinions, as ALJ found their opinions were consistent with evidence of record); and that any failure to apply the prior, rather than current, medical evidence regulations was harmless error, as Clark has not shown how any of the evidence would have been evaluated differently, see Grindley, 9 F.4th at 629 (reversal of ALJ decision is not required if error was harmless, meaning there is no indication that ALJ would have decided differently if error had not occurred). Further, the ALJ's residual functional capacity (RFC) determination was supported by substantial evidence, including the objective findings, the medical consultant's opinion, and Clark's improvement with treatment, see Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) (substantial evidence supported RFC determination, which was based on ALJ's review of medical record, physician's opinion, and claimant's treatment history); and the ALJ properly set out that RFC in a hypothetical to the vocational expert (VE) and relied on the VE's testimony to conclude that Clark was not disabled, see Sultan v. Barnhart, 368 F.3d 857, 864 (8th Cir. 2004) (Commissioner may rely on VE's response to properly formulated hypothetical question to meet burden of showing that jobs exist in significant numbers that person with claimant's RFC can perform). Finally, the ALJ adequately developed the record, as it contained substantial evidence of Clark's impairments before, during, and after the relevant period. See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996) (ALJ did not fail to adequately develop record where record contained substantial documentation of claimant's medical history).

The judgment is affirmed.

_____