NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0492n.06

No. 22-1293

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 01, 2022
DEBORAH S. HUNT, Clerk

MOHAMED MASON NASSER,

  Plaintiff-Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

  Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

OPINION

Before: SUTTON, Chief Judge, GRIFFIN and NALBANDIAN, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiff Mohamed Nasser appeals a district court decision affirming the denial of benefits under the Social Security Act. For the following reasons, we affirm.

I.

Nasser applied for Supplemental Security Income and Disability Insurance Benefits in 2017. Nasser has a history of back issues, dating back to a lifting injury that occurred in 2011. He duly reported "disorders of back discogenic & degenerative" as a disability, along with "depressive, bipolar and other related disorders." The Commissioner of Social Security denied his application in March 2018.

Nasser requested a hearing before an Administrative Law Judge (ALJ) to contest the denial. The ALJ concluded, however, that Nasser was not entitled to benefits because he was not "disabled" under the Social Security Act. In reaching that decision, the ALJ discussed the medical

opinions of four doctors. Three of those opinions—by Drs. Cynthia Shelby-Lane, Thomas Flake, and Kathy Morrow—were that Nasser had limitations on his ability to work based on his mental and physical conditions, but that he could still generally perform some work. The fourth, by Dr. Haranath Policherla, was that Nasser was disabled and could not work; however, the ALJ found Dr. Policherla's opinion unpersuasive because it conflicted with Nasser's treatment records.

Nasser then filed a complaint in district court, contending that the ALJ's decision was "contrary to the fact[s] and against the evidence in that Plaintiff is disabled from performing substantial gainful activity." A magistrate judge recommended affirming the Commissioner's and ALJ's decisions, which Nasser objected to as failing to apply 20 C.F.R. § 404.1520c correctly. The district court concluded that the ALJ correctly applied the governing standard and did not err in his analysis of the medical opinion evidence presented or in evaluating Nasser's impairments. Nasser then appealed here.

## II.

We must determine whether the ALJ's determination that Nasser was not disabled under 20 C.F.R. § 404.1520c was proper. However, our review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (citation omitted). We review the district court's conclusion on each issue de novo. *Id.*

Nasser limits his appeal to whether the ALJ properly applied 20 C.F.R. § 404.1520c and weighed the evidence correctly. Under that revised regulation, applicable to this case, the opinions of treating physicians (such as Dr. Policherla) are no longer entitled to special deference. *Compare*

20 C.F.R. § 404.1520c(a), *with* 20 C.F.R. § 404.1527(a)–(c) (applying to all claims filed before March 27, 2017). Rather, the ALJ evaluates "the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). Yet "the regulations only require ALJs to discuss the first two—supportability and consistency," which are the most important factors. *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021) (citing 20 C.F.R. § 404.1520c(b)(2)).

Substantial evidence supports the ALJ's determination that Nasser was not disabled. The ALJ determined that neither Nasser's physical disorders nor his mental impairments rose to a level of disability, and the medical opinions produced provide substantial evidence for this determination. Dr. Shelby-Lane concluded that Nasser had "frequent limitations" in his mobility, Dr. Flake opined that Nasser's conditions limited him to light work, and Dr. Morrow stated similarly that Nasser's conditions did not preclude him from work. These medical opinions, which the ALJ found persuasive, provide support for the conclusion that Nasser had limitations but was not necessarily disabled. On the other hand, Dr. Policherla opined that Nasser was unable to work because of his constant and severe pain, his limitations on mobility, and his inability to perform any number of work-related activities. But the ALJ did not find this opinion persuasive because Dr. Policherla's opinions were inconsistent with his prior treatment records. Indeed, the record confirms this. In some of his examinations, Dr. Policherla stated that Nasser "cannot do toe-walking, heel-walking, and tandem gait," while, in other examinations, Dr. Policherla stated that his "[t]oe-walking, heel-walking, and tandem gait [were] within normal limits." Further, Dr.

Policherla noted that Nasser had full or nearly full strength in his upper and lower extremities. Because these treatment records were inconsistent with Dr. Policherla's later opinion, the ALJ had a basis to find Dr. Policherla's opinion unpersuasive. *See* 20 C.F.R. § 404.1520c(c)(2); *accord Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 786 (6th Cir. 2017) (discounting certain physician opinions as inconsistent with prior MRI results). Therefore, substantial evidence exists to support the ALJ's conclusion that Dr. Policherla's opinion was unpersuasive and Nasser was not disabled based on the opinions of the other three doctors.

Nasser tries to avoid this conclusion by arguing that the ALJ applied § 1520c incorrectly. However, his arguments are a veiled attempt to have us reweigh the evidence. For example, he contends that only Dr. Policherla's opinion satisfied all the factors of § 1520c(c) because he was the physician with the closest relationship to Nasser, his opinion was submitted under oath, and because both Dr. Morrow's and Dr. Flake's opinions were inconsistent with other parts of the record. These are classic examples of invitations to reweigh the evidence and to find other medical opinions more persuasive. *See Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 341–43 (6th Cir. 2008); *see also Bowers*, 40 F.4th at 875–76 (noting similarly under the new § 1520c). Further, we note that the opinions of Dr. Flake and Dr. Morrow do not suffer from the same level of inconsistency as Dr. Policherla. Dr. Flake's diagnosis of spinal disorder *is* consistent with Nasser's diagnosis of herniated disks, and that Dr. Morrow used the pronoun "she" once does not show that she confused him with another claimant. And, in any event, what weight these factors carry is not something that we may resolve. *See Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) ("The Secretary, and not the court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly."). Finally, Nasser's protestations that the ALJ ran afoul of *Blakley* and *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742 (6th Cir. 2007),

are unavailing.  Both addressed the governing regulations before the codification of § 1520c, and thus required far more deference to a "treating physician."  *See Bowen*, 478 F.3d at 747.  Because of that deference, we held that either the "failure to mention" a treating physician, *id*., or the failure to "give good reasons" to discount that opinion, *Blakley*, 581 F.3d at 406, violated 20 C.F.R. § 404.1527(d)(2).  Those cases are inapposite to the current situation where the ALJ discussed all material aspects of Dr. Policherla's opinion and complied with § 1520c.  Therefore, Nasser's arguments fail as the ALJ applied the regulations correctly, even if the ALJ did not weigh the evidence in his favor.  Because the ALJ both applied the law correctly and substantial evidence supports his determination, the district court properly granted summary judgment in favor of the Commissioner.

III.

For those reasons, we affirm the judgment of the district court.