# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2843
_____

Heather Jordan

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: March 23, 2023
Filed: March 31, 2023
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Heather Jordan appeals the district court's[1] order affirming the denial of supplemental security income. We agree with the district court that substantial evidence in the record as a whole supports the adverse decision. See Bowers v. Kijakazi, 40 F.4th 872, 874 (8th Cir. 2022) (standard of review).

Specifically, we conclude that the administrative law judge (ALJ) did not err in finding Jordan's mental impairments non-severe. See Buckner v. Astrue, 646 F.3d 549, 556-57 (8th Cir. 2011) (substantial evidence supported ALJ's finding that claimant's mental impairments were non-severe, including psychologist's opinion that he had mild functional limitations and medical evidence showing normal findings, infrequent complaints of symptoms, and little treatment). As the statement from Jordan's neurologist did not assess her functional limitations, it was not an opinion under 20 C.F.R. § 416.913(a) (defining medical opinions and other medical evidence), and the ALJ was not required to evaluate it under 20 C.F.R. § 416.920c (ALJ must explain how supportability and consistency factors were considered in evaluating medical opinions).

We also find the residual functional capacity (RFC) determination was supported by substantial evidence, including the objective medical evidence, the state agency consultants' opinions, and, to some extent, Jordan's statements regarding her symptoms and daily activities, see Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (RFC determination was supported by substantial evidence, including medical evidence, state agency consultants' opinions, and claimant's statements); and the ALJ properly considered the state agency consultants' opinions, see Bowers, 40 F.4th at 875-76 (ALJ did not err in finding state agency consultants' opinions persuasive; while consultants did not examine claimant, ALJ properly found that their opinions

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Edie R. Ervin, United States Magistrate Judge for the Eastern District of Arkansas.

were more consistent with evidence of record).  We find the ALJ did not err by failing to order a consultative examination, as the record contained adequate evidence to decide the issue of Jordan's disability.  See Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004) (ALJ may order consultative examination if available evidence does not provide adequate basis for deciding disability claim).

Finally, while Jordan argues that the Social Security Administration's regulations and policies are unconstitutional, she does not allege any facts explaining how those issues caused the adverse ALJ decision in her case, or how a favorable decision in her claim for benefits would redress these alleged constitutional deficiencies.  See Burks-Marshall v. Shalala, 7 F.3d 1346, 1349-50 (8th Cir. 1993) (Social Security claimant lacked standing to raise due process issue where she had not shown that alleged procedural deficiency had any factual connection to alleged deprivation).

The judgment is affirmed.  We deny Jordan's motion to supplement the record.
_____