**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1493**

_____

ANGELA MAY,

         Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

         Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Mary G. Lewis, District Judge. (9:20-cv-02197-MGL)

_____

Submitted: March 3, 2023                          Decided: April 12, 2023

_____

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Paul T. McChesney, MCCHESNEY & MCCHESNEY, P.C., Spartanburg, South Carolina, for Appellant. Brian C. O'Donnell, Associate General Counsel, Katie M. Gaughan, Supervisory Attorney, Mark J. Dorval, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Adair Ford Boroughs, United States Attorney, Columbia, South Carolina, Andrew R. de Holl, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angela May appeals the district court's order adopting the magistrate judge's recommendation and upholding the administrative law judge's (ALJ) denial of May's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and discern no reversible error. We conclude that the ALJ applied the correct legal standards in evaluating May's claims, particularly in terms of analyzing the supportability and consistency of the proffered medical opinion evidence, *see* 20 C.F.R. § 404.1520c (2022), and that the ALJ's factual findings are supported by substantial evidence, *accord Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (recognizing that, under § 404.1520c, an applicant's "treating physicians are not entitled to

2

special deference," and reviewing ALJ's analysis under this regulation for substantial evidence).    Accordingly, we affirm the district court's judgment upholding the ALJ's decision.    *May v. Comm'r Soc. Sec. Admin.*, No. 9:20-cv-02197-MGL (D.S.C. Feb. 28, 2022).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*