**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 23-1548

---

CAMERON RAYMON SIMMONS,

  Plaintiff - Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,

  Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Elizabeth W. Hanes, District Judge. (4:21-cv-00116-EWH-DEM)

---

Submitted: December 19, 2023                    Decided: December 21, 2023

---

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Daniel S. Jones, LAW OFFICES OF HARRY J. BINDER & CHARLES E. BINDER, P.C., New York, New York, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Lauren A. Wetzler, Chief, Civil Division, Alexandria, Virginia, Joel E. Wilson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia; Brian C. O'Donnell, Associate General Counsel, David E. Somers, III, Office of Program Litigation, Office 3, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cameron Raymon Simmons appeals the district court's order adopting the magistrate judge's recommendation and upholding the administrative law judge's (ALJ) denial of Simmons' application for disability insurance benefits.  "In social security proceedings, a court of appeals applies the same standard of review as does the district court.  That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence."  *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up).  "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion.  It consists of more than a mere scintilla of evidence but may be less than a preponderance."  *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up).  "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ.  Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ."  *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and discern no reversible error.  We conclude that the ALJ applied the correct legal standards in evaluating Simmons' claims—particularly in terms of analyzing the supportability and consistency of the proffered medical opinion evidence, *see* 20 C.F.R. § 404.1520c (2023)—and that the ALJ's factual findings are supported by substantial evidence, *accord Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (recognizing that, under § 404.1520c, an applicant's "treating physicians are not

2

entitled to special deference," and reviewing ALJ's analysis under this regulation for substantial evidence). Finally, we agree with the district court that there was no basis for remanding this matter to the ALJ because the opinion evidence Simmons proffered to the Appeals Council was not "new" in that it was previously available, cumulative, and did not show a reasonable probability of a different outcome. *See Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (providing that evidence first presented to the Appeals Council "is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome" (internal quotation marks omitted)). Accordingly, we affirm the district court's judgment upholding the ALJ's decision. *Simmons v. Kijakazi*, No. 4:21-cv-00116-EWH-DEM (E.D. Va. Mar. 31, 2023).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3